WELLFORD, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s analysis and treatment of creditor-appellant’s challenge to the award of attorney’s fees to the debtor-appellee under 11 U.S.C. § 523(d). This provision provides for an award of attorney’s fees to the debtor when the creditor has requested a determination of dischargeability of a consumer debt under 11 U.S.C. § 523(a)(2)(B) and this debt was discharged “unless such granting of *19 judgment would be clearly inequitable.” (emphasis added).
The majority has erred in upholding the bankruptcy court’s finding below that it would not be clearly inequitable to award attorney’s fees to the debtor because the creditor-appellant had failed to make out even a colorable claim in regard to debtor-appellee’s intent to deceive in its discharge-ability action under 11 U.S.C. § 523(a)(2)(B). This finding, in my view, was clearly erroneous. Appellant’s failure to appeal the determination by the bankruptcy court that the debt to the finance company was dischargeable does not in any way preclude appellant from challenging the award of attorney fees on the basis that the award was clearly inequitable. Of course, this court cannot set aside the bankruptcy court’s decision in the dischargeability proceeding; but the bankruptcy judge, in my opinion, erred in its conclusion that appellant had failed to prove the intent to deceive element of § 523(a)(2)(B). The following finding by the bankruptcy court in the attorney fee proceeding below can, and should be, set aside because it was clearly erroneous:
[Tjhere was no evidence to prove that debtors made the statements in question with intent to deceive. Clearly, something more must emerge in the evidence than the fact of a false statement, something from which the court must be justified in inferring that defendant knew that credit would not be extended but for the misrepresentation. The record is totally bare of any such evidence.. .. That being the case, we cannot conclude that it would be clearly inequitable to grant an attorney’s fee to debtors.
It is not uncommon that intent to deceive must be established by circumstantial evidence and by way of inference. Here, the debtor-appellees listed debts in the amount of $3,189, representing debts owed to approximately six creditors, on the financial statement. The debts that were not listed, which led to the filing of the false financial statement proceeding to determine dis-chargeability, were approximately $2,000 owed to Good Samaritan Hospital for two different occasions and to other creditors in the medical field; a sum “which in this case represents about one-half of the indebtedness” involved.
The debtor also testified that he was aware of the substantial debt owed to the hospital. Specifically, he testified that he had received notification of the debt from a collection agency and had regularly received duns and demands for payment on the accounts owed to the hospital that were not disclosed on the financial statement. These are very strong circumstances indicating an intent to deceive. Furthermore, appellant testified that the loan to appellees would not have been made if these debts had been listed in the financial statement. The effect of the omission is exactly the same as if the Carmens had admitted an intent to deceive appellee.
This evidence clearly shows that the record was not “totally bare” of evidence on the intent to deceive element of 11 U.S.C. § 523(d), but rather showed substantial circumstantial evidence of such intent. I . would infer from the record that the debtor at the very least intended to obtain an advantage which he could not otherwise have obtained if he had set out the truth in the financial statement. The bankruptcy court, in its comments on appellee’s motion for attorney’s fees, explicitly recognized the difficult problem of proving intent to deceive:
I find myself wondering just ... what a plaintiff must show in order to comply with that requirement [proof of the intent to deceive element in a discharge-ability proceeding]. And I’m not certain I have an answer....
In effect, the majority in its opinion has made it almost impossible for a creditor to avoid payment of attorney’s fees to the debtor after discharge of a debt even when that creditor has shown clear circumstantial proof of intent to deceive. Under the facts of this case, I would find the circumstantial proof shown by creditor-appellant amounted to a colorable claim on the issue of intent. This is a different standard from *20 the “frivolous/lack of good faith” standard alluded to in the panel opinion. Under these circumstances, I would hold that it was clearly inequitable under 11 U.S.C. § 523(a) for the bankruptcy court to award attorney’s fees to debtor-appellee. Therefore, I would reverse the district court judgment affirming the judgment of the bankruptcy court.